ALEXANDER W. HOPKINS, Defendant below appellant, v. HENRY C. MATHEWS, Administrator of THOMAS C. NICHOLSON, deceased, Plaintiff below, respondent.

In an action upon a note under seal, proof by the attesting witness that he drew it at the instance and request of the party to whom it was given and that he signed it as the witness to it ; that it was at a vendue of that party, at which he was clerk, and that he remembered that the other party was at the vendue ; also, that he had seen him write, was acquainted with his handwriting, and that his signature to the note was in his name and hand-writing, but he could not say he saw him sign it, or that he heard him acknowledge it, will not be sufficient proof to admit the note to go to the jury.

But if he further testifies that he drew as many as a hundred notes that day for persons who had bought goods at the vendue, that it was not his custom to sign, and that he never did sign his name as a witness to a note, or any other written instrument, before the signing of it by the person giving it ; and that he did not sign the note in question, or any other note that day before it was signed by the person who was to give it ; and from the fact that he knew the signatures to it, that of the party, as well as his own as a witness, to be genuine, and from his recollection of the circumstances attending the transaction, he had no doubt that he witnessed the execution of it by the party, and either saw him sign it, or heard him acknowledge it as his note, or as his signature, before he subscribed it as a witness, it will be sufficient proof to admit it to the jury.

In this appeal the action was on a note under seal exe-

cuted and delivered by Hopkins, the defendant below, to Mathews as the administrator of Nicholson, the plaintiff below, for goods bought by him of Nicholson. The person who signed the note as the witness to it, and in whose presence it purported upon its face to have been signed, sealed and delivered, proved upon his examination in chief, that the note was drawn by him at the instance and request of Nicholson, and that he signed it as the witness to it; that it was at a vendue of Nicholson's, of which he served as clerk, and remembered that Hopkins was at the vendue. Also that he had seen him write, was acquainted with his handwriting and that his signature to the note was in his name and handwriting; but he could not then say that he saw him sign it, or heard him acknowledge it to be his signature, or that the note was his act, or deed, or say any thing else to that effect.

*Layton*, for the plaintiff below, then offered the note in evidence.

*Moore*, for the defendant below, objected to the admissibility of it, because it was under seal and the execution of it by Nicholson had not been sufficiently proved by the subscribing witness to it.

*The Court* sustained the objection.

*Gilpin, C. J.*, referring to and reading the rule of evidence in regard to the matter, from 1 *Greenl. Ev. secs.* 569, 569 a.

*Layton* then recalled the witness, who further testified that he drew as many as a hundred notes that day for persons who had bought goods at the vendue. That it was not his custom to sign, and that he never did sign his name as a witness to a note, or any other written instrument, before the signing of it by the person giving it; and that he did not sign the note in question, or any

other note that day as a witness, before it was signed by the person, who was to give it; and from the fact that he knew the signature to it to be that of Hopkins, as well as his own as a witness, to be genuine, and from his recollection of the circumstances attending the transaction, he had no doubt that he witnessed the execution of it by him, and either saw him sign it, or heard him acknowledge it as his note, or as his signature, before he subscribed his name to it as a witness.

*The Court* held that this proof was sufficient to admit the note to go to the jury, and it would be for them to decide upon the evidence they had before them in regard to it, whether it was, or was not, the note of Hopkins, the defendant in the action. In announcing the opinion, the *Chief Justice* referred to the rule as stated in 2 *Greenl. Ev. sec.* 295.

The plaintiff had a verdict.